IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROY DALE BISHOP, JR.                                                                                           PLAINTIFF

v.                                              Case No. 4:21-cv-4073

DEPUTY JOHN BUTLER, Little River County;
GINA BUTLER, Little River County Jail Administrator;
and SHERIFF BOBBY WALRAVEN, Little River County,
Arkansas                                                                                                       DEFENDANTS

### ORDER

Plaintiff Roy Dale Bishop, Jr. filed this 42 U.S.C. § 1983 action *pro se* on October 26, 2021. (ECF No. 1). Plaintiff's application to proceed *in forma pauperis* ("IFP") was granted the same day. (ECF No. 3). Before the Court is Plaintiff's failure to comply with orders of the Court.

On December 9, 2021, Plaintiff notified the Court of a change of address indicating he had been released from custody and was residing at Covenant Recovery, 912 Section Line Street, Malvern, Arkansas 72104. (ECF No. 10). When a plaintiff is released from confinement, the Court's policy is to require resubmission of affidavits to determine whether he should be required to pay all, or a portion of, the fees and costs of the lawsuit. On January 18, 2022, the Court entered an order directing Plaintiff to resubmit an IFP application by February 8, 2022, to reflect his free world financial status. (ECF No. 13). Plaintiff did not respond, and the order has not been returned as undeliverable. On February 15, 2022, the Court ordered Plaintiff to show cause by March 8, 2022, as to why he failed to comply with the Court's order to resubmit an IFP application. (ECF No. 14). To date, Plaintiff has not responded, and the order to show cause has not been returned as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir.

1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to comply with two orders of the Court and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 4th day of April, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge